Justin C. Jones, Esq.
Nevada State Bar No. 8519
Nicole Lovelock, Esq.
Nevada State Bar No. 11187
**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, Nevada 89101
Telephone: (702) 805-8450
Fax: (702) 805-8451
Email: jjones@joneslovelock.com
Email: nlovelock@joneslovelock.com

*Attorney for Plaintiff*
*Eddie Yan*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDDIE YAN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BAR TWO, LLC dba FAT TUESDAY, a Nevada company; BAR ONE, LLC dba FAT TUESDAY, a Nevada company; BESIDE THE BAR, LLC dba FAT TUESDAY, a Nevada company; FLAMINGO SHOES, INC., a Nevada Corporation; DAVID BRIGGS ENTERPRISES, INC. dba FAT TUESDAY, a Louisiana corporation; YAKOV JACK HEFETZ, an individual; MOSHE ROSENBLUM, an individual; and DOES 1 through 100, inclusive;<br><br>Defendants. | CASE NO.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Eddie Yan ("Plaintiff"), by and through his counsel of the law firm of Jones Lovelock, hereby complains and alleges against defendants and Does 1 through 100, inclusive, as follows:

**THE PARTIES**

1.      Plaintiff is an individual that resides in Clark County, Nevada.

JONES LOVELOCK
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

1    2.    Bar Two, LLC dba Fat Tuesday ("Bar Two") is a Nevada company that was organized

2    and existed under the law of the State of Nevada and operated in the State of Nevada.

3    3.    Bar One, LLC dba Fat Tuesday ("Bar One") is a Nevada company that was organized

4    and existed under the law of the State of Nevada and operated in the State of Nevada.

5    4.    Beside the Bar, LLC dba Fat Tuesday ("Beside the Bar") is a Nevada company that

6    was organized and existed under the law of the State of Nevada and operates in the State of Nevada.

7    5.    Flamingo Shoes, Inc. dba Fat Tuesday ("Flamingo Shoes") is a Nevada corporation

8    that was organized and existed under the law of the State of Nevada and operates in the State of

9    Nevada.

10    6.    David Briggs Enterprises, Inc. dba Fat Tuesday ("David Briggs Enterprises") is a

11    Louisiana corporation that is qualified as a foreign corporation to transact business in the State of

12    Nevada and operates in the State of Nevada.

13    7.    Yakov Jack Hefetz ("Hefetz") is an individual that resides in Clark County, Nevada.

14    8.    Moshe Rosenblum ("Rosenblum") is an individual that resided in Clark County,

15    Nevada.

16    9.    Plaintiff does not know the true names or capacities of Does 1 through 100, inclusive,

17    and sues such defendants by such fictitious names.  Plaintiff is informed and believes and thereon

18    alleges that each of the fictitiously named defendants is responsible for and caused the damages

19    herein alleged.  When Plaintiff ascertains the true names and capacities of Does 1 through 100, it will

20    amend the Complaint accordingly.

**JURISDICTION**

10.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

11.    Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28

U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

12.    This action is brought to remedy unlawful employment practices, including

harassment and retaliation in violation of Nevada anti-discrimination statutes, Nev. Rev. Stat.

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

21
22
23
24
25
26
27
28

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

1  ("NRS") § 613.330 *et. seq.*, and federal anti-discrimination statutes, Title VII of the Civil Rights Act

2  of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, as amended.

3        13.    As further detailed herein, Defendants knowingly and willingly ignored Hefetz's

4  pattern and practice of sexual harassment and assault of its female employees and customers and

5  purposefully protected Hefetz by demoting and, ultimately, terminating Plaintiff in response to

6  Plaintiff's attempts to stop Hefetz's pervasive harassment of females.

7        14.    Plaintiff has properly exhausted his administrative remedies and is entitled to file this

8  suit.

9                  ***Fat Tuesday's Business and Corporate Structure***

10        15.    Fat Tuesday is a chain of frozen daiquiri bars that operates throughout the country.

11        16.    Fat Tuesday is not a franchise and there are no franchise opportunities for the bar

12  known as Fat Tuesday.

13        17.    David Briggs Enterprises owns and operates Fat Tuesdays throughout the country,

14  including the bars located in Las Vegas, Nevada.

15        18.    At all the relevant time periods set forth herein, Beside the Bar, Bar One, Bar Two,

16  and Flamingo Shoes (collectively "Business Defendants") were additional owners and operators of

17  the Fat Tuesday located at the Caesars Palace Forum Shops ("Forum Bar"), the Fat Tuesday located

18  at the LINQ Hotel and Casino ("LINQ Bar"), and the Fat Tuesday located at the Casino Royale

19  ("Casino Royale Bar," and collectively with Forum Bar and LINQ Bar, the "Defendants' Bars").

20        19.    Hefetz, Rosenblum (collectively "Individual Defendants"), and Gary Frey ("Frey")

21  were managers and/or owners of the Business Defendants.

22               ***The Business Defendants are a Single, Integrated Employer***

23        20.    At all relevant times, the Business Defendants constitute a single employer.

24        21.    The Business Defendants have a high interdependency of operations; there is

25  commonality of management, directors, and officers; there is a centralized control of labor relations;

26  and there is a consolidation of financial, strategic, legal, and human resources operations.

27

28

3

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

1                                  ***Plaintiff's Employment at the Forum Bar***

2        22.    From 2005 until approximately 2010, Rosenblum was active in day-to-day operations

3 of the Forum Bar and acted as a general manager along with Matt Mochida ("Mochida").

4        23.    From 2005 until 2010, Hefetz would frequent the Forum Bar, but was not active in

5 the day-to-day operations.

6        24.    In 2005, Defendants hired Plaintiff as a bartender and Plaintiff worked at the Forum

7 Bar location.

8        25.    In 2008, Plaintiff was promoted to also act as a supervisor at the Forum Bar.

9        26.    From 2008 to 2010, on multiple occasions, Plaintiff informed Rosenblum and

10 Mochida that Hefetz was acting inappropriately with female employees and customers at the Forum

11 Bar, including, but not limited to: (i) Hefetz making sexually charged remarks, comments, and jokes

12 to employees and customers; (ii) Hefetz touching employees and customers; and (iii) Hefetz staring

13 in a sexually suggestive and offensive manner at employees and customers.

14        27.    From 2008 until 2010, despite Plaintiff's repeated reporting of inappropriate conduct

15 by Hefetz, Defendants took no steps to stop Hefetz's inappropriate interactions with female

16 employees and customers.

17                               ***Plaintiff's Employment at the LINQ Bar***

18        28.    In 2010, Defendants opened the LINQ Bar and Plaintiff was promoted to be the

19 Assistant General Manager at that location.

20        29.    Rosenblum continued to manage the day-to-day operations at the Forum Bar while

21 Hefetz managed the day to day operations at the LINQ Bar.

22        30.    In 2010 and 2011, Plaintiff had numerous and extensive conversations with

23 Rosenblum whereby Plaintiff detailed Hefetz's inappropriate actions with female employees and

24 customers at the LINQ Bar, including, but not limited to: (i) Hefetz making sexually charged remarks,

25 comments, and jokes to employees and customers; (ii) Hefetz staring in a sexually suggestive and

26 offensive manner at employees and customers; (iii) Hefetz texting and calling bartenders to join him

27 at his house or pool; (iv) Hefetz requesting that female customers expose themselves for free Mardi

28

1   Gras beads; and (v) Hefetz touching employees and customers, including purposefully spilling drinks

2   on customers in order to "help" clean the customers.

3        31.    Defendants failed to take any effective remedial actions based upon Plaintiff's

4   complaints in 2010 and 2011.

5        32.    Hefetz's inappropriate conduct continued and escalated.

6        33.    Based upon management's repeated failure to take action to stop Hefetz's conduct, on

7   or about 2012, Plaintiff attempted to document Hefetz's offensive conduct to force Defendants to

8   take remedial action.

9        34.    In January of 2012, a male bartender complained to Plaintiff that Hefetz had reached

10   his hand down a female's shirt without her consent and Plaintiff had the bartender prepare a written

11   report detailing the incident.

12        35.    No action was taken against Hefetz for reaching down the female's shirt, instead of

13   taking appropriate action against Hefetz, Defendants shortly thereafter fired the male bartender who

14   had reported Hefetz's inappropriate behavior.

15        36.    In March of 2012, Plaintiff informed Rosenblum that a female bartender complained

16   to Plaintiff that Hefetz repeatedly made unwanted sexual comments to her throughout her bartending

17   shift, including stating that she looked "delicious."

18        37.    In response to the complaint of the female bartender, Rosenblum issued a written

19   directive that Hefetz was to "refrain from engaging in any conversation with female employees, and

20   all customers."

21        38.    However, Defendants did nothing to enforce this directive, and to the contrary, Hefetz

22   continued as General Manager and continued his inappropriate conduct with female employees and

23   customers.

24        39.    In light of Defendants' failure to protect its female employees from Hefetz, in

25   February of 2013, Plaintiff resigned as Assistant General Manager, but continued as a bartender while

26   looking for new employment.

27

28

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

40. Plaintiff unequivocally explained to Rosenblum that Plaintiff's resignation was based upon Hefetz's inappropriate conduct and Defendants' failure to respond to Hefetz's inappropriate behavior.

41. In June of 2013, Rosenblum and Hefetz requested that Plaintiff return to the position of Assistant General Manager and promised that Hefetz would refrain from inappropriate contact with female employees and customers.

42. Plaintiff agreed to return to the position of Assistant General Manager based upon Defendants' representations.

43. However, less than a month later, a female bartender complained to Plaintiff that Hefetz had groped her during her shift and then contacted her repeatedly via her cell phone and text message begging her to go to his house and pool.

44. Plaintiff promptly informed Rosenblum of this incident; however, Defendants failed to take any action to stop Hefetz's sexual harassment of female employees.

45. During this same timeframe, another female bartender also complained to Plaintiff that Hefetz contacted her repeatedly via her cell phone and text message begging her to go to his house and pool.

46. Plaintiff informed Rosenblum of this incident; however, yet again, Defendants failed to take any action to stop Hefetz's sexual harassment of female employees.

47. In August of 2013, two female bartenders complained to Plaintiff that Hefetz was offering them illegal substances and requesting that the bartenders go to his house and pool.

48. Plaintiff informed Rosenblum of this incident and a meeting was held among Rosenblum, Hefetz, and Plaintiff.

49. Although Defendants had received a background check of one of the complaining bartenders prior to her hire, Defendants immediately fired said bartender based upon an issue with her background check.

50. Defendants also attempted to manufacture a reason to fire the other complaining female bartender, rather than addressing Hefetz's pervasive sexual harassment of female employees.

1    51.    In light of Defendants' repeated failure to protect its female employees from Hefetz

2   and its penchant for blaming or even firing the victims of Hefetz's sexual harassment, in September

3   of 2013, Plaintiff advised Defendants of his intent to resign as Assistant General Manager and

4   continue only as a bartender while he sought other employment.

5    52.    Plaintiff unequivocally explained to Rosenblum and Hefetz that Plaintiff's intended

6   resignation was based, again, upon Hefetz's repeated inappropriate conduct and Defendants' failure

7   to effectively respond to Hefetz' pervasive inappropriate behavior.

8    53.    Plaintiff withdrew his resignation only after Rosenblum provided specific assurances

9   that Hefetz would not serve in a managerial role of the LINQ Bar and would no longer be allowed to

10   even enter the LINQ Bar again.

11    54.    However, Defendants never enforced this restriction on Hefetz, and to the contrary,

12   Hefetz continued as General Manager of the LINQ Bar and continued his inappropriate conduct with

13   female employees and customers.

14    55.    In January of 2014, a female bartender complained to Plaintiff that Hefetz spanked

15   her on the buttocks.

16    56.    Plaintiff informed Rosenblum of this incident and Defendants once again failed to

17   take any action to stop Hefetz's harassment of female employees and customers.

18   ***Defendants Retaliate Against Plaintiff for Reporting Hefetz's Pervasive Sexual Harassment***

19    57.    In March of 2014, Plaintiff explained to Rosenblum that Defendants' management

20   had failed to protect their employees, that action needed to be taken, and provided significant

21   documentation supporting the same.

22    58.    Less than two weeks later, in retaliation for Plaintiff's complaints to Defendants about

23   Hefetz's inappropriate actions, Defendants stripped Plaintiff of his management position and

24   demoted him to bartender.

25    59.    As a result of the demotion, Plaintiff's salary was significantly reduced.

26    60.    In September of 2014, the LINQ Bar was closed.

27

28

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

61.     Employees at the LINQ Bar location that did not complain about Hefetz's inappropriate actions toward female staff and customers were offered continued employment at other of Defendants' Bar locations; however, employees that had complained about Hefetz's inappropriate actions were terminated, including Plaintiff.

62.     On multiple occasions throughout Plaintiff's employment, Plaintiff informed the visiting Regional Manager from David Briggs Enterprises about Hefetz's conduct and the failure of any remedial actions being taken.

63.     Despite these repeated complaints to the Regional Manager, David Briggs Enterprises failed to take any remedial action to stop Hefetz's inappropriate conduct.

## FIRST CLAIM FOR RELIEF

**(Hostile Work Environment (Title VII) – Business Defendants and David Briggs Enterprises)**

64.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

65.     Plaintiff was forced to work in an offensive and abusive environment.

66.     Plaintiff's work environment was laden with intimidation, ridicule, and/or insult.

67.     Plaintiff was subject to unwelcome, verbal conduct, including, but not limited to that of a sexual nature, that was sufficiently severe or pervasive to alter the conditions of his employment.

68.     Plaintiff was subject to unwelcome, verbal conduct, including, but not limited to that of a sexual nature, that created a hostile and/or abusive work environment.

69.     Business Defendants and David Briggs Enterprises knew or reasonable should have known about the misconduct and failed to take prompt and effective remedial actions.

70.     Plaintiff suffered damages based upon the actions and inactions of Business Defendants and David Briggs Enterprises.

## SECOND CLAIM FOR RELIEF

**(Retaliation (Title VII) – Business Defendants and David Briggs Enterprises)**

71.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

8

1    72.    Plaintiff opposed unlawful employment acts, including complaining of sexual

2  harassment of employees, and engaged in protected activity.

3    73.    Based upon Plaintiff's engagement in protected activity, Plaintiff experienced adverse

4  employment actions, including a demotion and termination.

5    74.    Plaintiff suffered damages based his opposition to Defendants' unlawful employment

6  acts.

7                              **THIRD CLAIM FOR RELIEF**

8    **(Violation of NRS 613.330 *et. seq*.) – Business Defendants and David Briggs Enterprises)**

9    75.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs,

10  and by reference incorporate the same herein as though set forth in full.

11    76.    Plaintiff opposed unlawful employment acts, including complaining of sexual

12  harassment, and, based upon this opposition, experienced adverse employment action, including a

13  demotion and termination.

14    77.    Plaintiff suffered damages based his opposition to Defendants' unlawful employment

15  acts.

16                              **FOURTH CLAIM FOR RELIEF**

17    **(Tortious Discharge in Violation of Nevada Public Policy – Business Defendants and David**

18                              **Briggs Enterprises)**

19    78.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs,

20  and by reference incorporate the same herein as though set forth in full.

21    79.    Plaintiff refused to engage in activity that he, in good faith, reasonably believed to be

22  illegal and, based upon this opposition, experienced adverse employment action, including a

23  demotion and termination.

24    80.    Plaintiff suffered damages based his refusal to engage in activity that he, in good faith,

25  reasonably believed to be illegal.

26  / / /

27  / / /

28

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

1

**FIFTH CLAIM FOR RELIEF**

**(Negligent Hiring/Retention/Supervision – Business Defendants and David Briggs**

**Enterprises)**

81.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

82.     Business Defendants and David Briggs Enterprises hired Hefetz as General Manager even though Business Defendants and David Briggs Enterprises knew, or should have known, that Hefetz had dangerous propensities.

83.     Business Defendants and David Briggs Enterprises owed a duty of care to Plaintiff.

84.     Plaintiff suffered damages based upon his reporting of Hefetz's dangerous propensities.

**SIXTH CLAIM FOR RELIEF**

**(Breach of Implied Covenant of Good Faith and Fair Dealing – Business Defendants and**

**David Briggs Enterprises)**

85.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

86.     Business Defendants and David Briggs Enterprises were party to an employment contract with Plaintiff.

87.     Business Defendants and David Briggs Enterprises owed a duty of good faith to Plaintiff.

88.     Business Defendants and David Briggs Enterprises breached that duty by performing in a manner that was unfaithful to the purpose of the contract.

89.     Plaintiff's justified expectations were denied and Plaintiff suffered damages.

/ / /

/ / /

/ / /

/ / /

10

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV 89101

**SEVENTH CLAIM FOR RELIEF**

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing – Business Defendants and David Briggs Enterprises)**

90.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

91.     Business Defendants and David Briggs Enterprises were party to an employment contract with Plaintiff.

92.     Business Defendants and David Briggs Enterprises owed a duty of good faith to Plaintiff.

93.     A special element of reliance existed between Plaintiff and Business Defendants and David Briggs Enterprises where Business Defendants and David Briggs Enterprises had a superior and entrusted position.

94.     Business Defendants and David Briggs Enterprises breached the duty of good faith by performing in a manner that was unfaithful to the purpose of the contract.

95.     Plaintiff's justified expectations were denied and Plaintiff suffered damages.

**EIGHTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress – All Defendants)**

96.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, and by reference incorporate the same herein as though set forth in full.

97.     Hefetz's conduct was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

98.     Rosenblum's conduct, including his actions with Hefetz, was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

99.     Plaintiff suffered severe or extreme emotional distress as the actual or proximate result of defendant's conduct.

/ / /

/ / /

**JONES LOVELOCK**
400 S. 4th St., Ste. 500
Las Vegas, NV89101

1

## <u>NINTH CLAIM FOR RELIEF</u>

2

### (Concert of Action – Individual Defendants)

3    100.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs,

4  and by reference incorporate the same herein as though set forth in full.

5    101.    Hefetz and Rosenblum acted with another to engage in conduct that posed a

6  substantial risk to others.

7    102.    Plaintiff suffered damages based upon the Individual Defendants committing a tort

8  together.

9    **WHEREFORE**, the Plaintiff prays for relief against Defendants as follows:

10    1.    A trial by jury on all issues;

11    2.    For an award of actual, compensatory, special, and statutory damages as allowed by

12  law;

13    3.    For an award of punitive damages;

14    4.    For an award of costs and attorneys' fees;

15    5.    Prejudgment interest as allowed by law;

16    6.    For such other relief as this Court deems just and proper.

17    DATED this 13th day of December 2017.

18

19                                        **JONES LOVELOCK**

20                            By:    /s/ Justin Jones, Esq.

21                                   Justin C. Jones, Esq.
                                     Nevada State Bar No. 8519

22                                   Nicole Lovelock, Esq.
                                     Nevada State Bar No. 11187

23                                   400 S. 4th St., Ste. 500
                                     Las Vegas, Nevada 89101

24                                   *Attorneys for Plaintiff Eddie Yan*

25

26

27

28